# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **DYLAN TAYLOR aka** | § | |
| **EUGENE DYLAN TAYLOR,** | § | |
| *Petitioner* | § | |
| | § | |
| | § | |
| **v.** | § | **1:25-cv-02007-RP-SH** |
| | § | |
| | § | |
| **ANTHONY HIPOLITO,** | § | |
| *Respondent* | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:    THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court is Petitioner Eugene Dylan Taylor's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed December 5, 2025 (Dkt. 1).[1]

### I.    Background

Petitioner Dylan Taylor aka Eugene Dylan Taylor, a state pretrial detainee in custody in Hays County, Texas, brings this petition under § 2241 seeking release from custody while he faces multiple criminal prosecutions.

Taylor was convicted and sentenced to 30 years in state prison for unlawful possession of a firearm by a felon. *Tex. v. Taylor*, No. CR-20-5525-C (274th Dist. Ct., Hays County. Tex. Nov. 28, 2020). He appealed, arguing that (1) the trial court erred in failing to grant his motion to suppress the inventory search of his vehicle; (2) the evidence was insufficient to prove he possessed the weapon found in the vehicle; and (3) a mistrial should have been granted. The appeals court

---

[1] The District Court referred this case to this Magistrate Judge pursuant to 28 U.S.C. § 636(b), Federal Rule of Civil Procedure 72, Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, and the Court Docket Management Standing Order for United States District Judge Robert Pitman. Dkt. 2.

rejected Taylor's first and third claims but agreed that the trial court erred in failing to grant his motion to suppress. *Taylor v. State*, 699 S.W.3d 33, 43 (Tex. App.—Amarillo 2024, pet. denied). The state appellate court remanded the case to the trial court for further proceedings, and a motions hearing is set for February 19, 2026.[2]

Hays County court records show that Taylor also is being prosecuted by the State of Texas for three other offenses: bail jumping/failure to appear, No. CR-22-4882-D (274th Dist. Ct., Hays Cnty., Tex. Sept. 14, 2022); terroristic threat of family/household, No. 20-4670-CR-1 (Cnty. Ct. at Law No. 1, Hays Cnty., Tex. March 18, 2021); and stalking, No. CR-20-5524-C (274th Dist. Ct., Hays Cnty., Tex. Oct. 5, 2020). The felony stalking and bail jumping cases also are set for a hearing before the trial court on February 19, 2026.

In his Petition, Taylor asks this Court to release him from state custody while the state court adjudicates his cases. Taylor argues that he should be released from custody because Hays County is violating the Double Jepardy Clause by continuing to pursue his criminal indictments, the state court set an unfair bail, and his criminal proceedings are taking too long.

## II.    Analysis

Section 2241 authorizes federal district courts to grant writs of habeas corpus to any prisoner or pre-trial detainee "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Dickerson v. State of La.*,

---

[2] The Court takes judicial notice of the state court docket under Federal Rule of Evidence 201. *See Stringer v. Remington Arms Co.*, 52 F.4th 660, 666 n.11 (5th Cir. 2022) (taking judicial notice of state court record).

816 F.2d 220, 225 (5th Cir. 1987) (citing *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 490 (1973)); *see also Montano v. Tex.* 867 F.3d 540, 542 (5th Cir. 2017) ("[I]t has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal court will entertain a challenge to state detention."). This abstention doctrine "was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225.

Typically, to fully exhaust his state court remedies, an applicant "must fairly apprise the highest court of his state of the federal rights which were allegedly violated." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993). Exceptions to the exhaustion requirement are appropriate when the available administrative remedies either are "unavailable or wholly inappropriate to the relief sought," or "the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir. 1994). Those exceptions to the exhaustion requirement apply only in "extraordinary circumstances." *Id.*

Taylor has not presented and exhausted any of his claims with the state court and shows no extraordinary circumstances for that failure to exhaust. This Court should abstain from reviewing his petition until the state courts have been given an opportunity to adjudicate his claims. *Dickerson*, 816 F.2d at 225; *Ponce v. Cutler*, No. 1-23-CV-00082-RP-DH, 2023 WL 3466487, at *2 (W.D. Tex. Mar. 31, 2023) (recommending dismissal of habeas petition for failure to exhaust claims with state courts), *R. & R. adopted*, 2023 WL 3467784 (W.D. Tex. May 15, 2023).

### III.    Recommendation

For these reasons, this Magistrate Judge **RECOMMENDS** that the District Court **ABSTAIN** from reviewing Petitioner Dylan Taylor's claims and **DISMISS WITHOUT PREJUDICE** his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (Dkt. 1).

3

**IT IS FURTHER ORDERED** that the Clerk remove this case from this Magistrate Judge's docket and return it to the docket of the Honorable Robert Pitman.

### IV.    Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on February 17, 2026.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE

4