IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DYLAN TAYLOR, *a/k/a Eugene Dylan Taylor*, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 1:25-CV-2007-RP |
| | § | |
| ANTHONY HIPOLITO, | § | |
| | § | |
| Respondent. | § | |

## **ORDER**

Before the Court is Petitioner Dylan Taylor's ("Taylor") Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed December 5, 2025. (Pet., Dkt. 1). The case was referred to United States Magistrate Judge Susan Hightower for findings and recommendations, pursuant to 28 U.S.C. § 636(b). (Standing Order, Dkt. 2). Judge Hightower filed her Report and Recommendation on February 17, 2026, (Dkt. 4), recommending that Taylor's Petition be dismissed without prejudice for failure to exhaust his state remedies. Taylor filed objections on March 24, 2026. (Objs., Dkt. 7).

A party may serve and file specific, written objections to a magistrate judge's findings and recommendations within fourteen days after being served with a copy of the report and recommendation and, in doing so, secure *de novo* review by the district court. 28 U.S.C. § 636(b)(1)(C). Although Taylor's objections were not timely, the Court, in its discretion, will still consider Taylor's objections given that he is in custody and receiving and sending filings through the postal service. Because Taylor objected to the Report and Recommendation, (Dkt. 7), the Court reviews the Report and Recommendation *de novo*.

Having completed *de novo* review, the Court overrules Taylor's objections and will adopt the Magistrate Judge's recommendation to dismiss his Petition for failure to exhaust. "[I]t has long been settled that a Section 2241 petitioner must exhaust available state court remedies before a federal

1

court will entertain a challenge to state detention." *Montano v. Texas*, 867 F.3d 540, 542 (2017). Under the exhaustion doctrine, a "habeas petitioner [must] present his claims to the state's highest court in a procedural posture in which the claims ordinarily will be considered on their merits." *Saucier v. Warden*, 47 F.3d 426 (5th Cir. 1995). Taylor claims in his objections that he "did file a Direct Appeal with The Supreme Court of Texas . . . but they didn't file it." (Objs., Dkt. 7, at 5–6). Texas's highest court for reviewing habeas petitions, however, is the Texas Court of Criminal Appeals. *See Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985); *Williams v. Texas*, No. A-22-CV-345-RP, 2022 WL 1121426, at *2 (W.D. Tex. Apr. 13, 2022). Thus, as Judge Hightower determined, Taylor has not exhausted his state court remedies. The Court therefore overrules Taylor's objections and adopts the Report and Recommendation as its own order.

Accordingly, **IT IS ORDERED** that the Report and Recommendation of United States Magistrate Judge Susan Hightower, (Dkt. 4), is **ADOPTED**. Taylor's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, (Dkt. 1), is **DISMISSED WITHOUT PREJUDICE**.

**SIGNED** on May 4, 2026.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE

2